UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV 15-00015-JLS (RNBx)　　　　　　　　　　Date: August 25, 2015
Title: John LoMonaco v. Soberlink, Inc.

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Terry Guerrero | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:　　ATTORNEYS PRESENT FOR DEFENDANT:

Not present　　　　　　　　　　　　　　　Not present

**PROCEEDINGS:　(IN CHAMBERS)　ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO STRIKE CROSS-COMPLAINT AND FOR ATTORNEY'S FEES AND COSTS (ANTI-SLAPP) (Doc. 42)**

　　Before the Court is Plaintiff and Counter-Defendant John LoMonaco's Motion for an Order Striking Cross-Complaint and for Attorney's Fees and Costs under California Code of Civil Procedure § 425.16 ("California's anti-SLAPP Statute"). (Mot., Doc. 42.) Defendant and Counter-Claimant Soberlink, Inc. filed an Opposition, and Plaintiff replied. (Opp'n, Doc. 53; Reply, Doc. 56.) The Court finds the matter appropriate for disposition without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15. Accordingly, the hearing on the Motion, set for August 28, 2015, at 2:30 p.m., is VACATED. For the reasons stated below, the Court GRANTS in part and DENIES in part LoMonaco's Motion.

## I.　Background

　　Soberlink provides breathalyzer devices ("Testing Devices") to DUI offenders. (Keays Decl. ¶ 2, Doc. 53-3.) Soberlink has a contract with House Arrest, which has contracted with the State of Florida, to provide services and Testing Devices for Florida's criminal justice system. (Id.)
　　In February 2014, LoMonaco became one of House Arrest's users when he was required to enter a court-ordered monitoring program in Florida as a result of his DUI alcohol-related conviction. (Id ¶ 5.) The monitoring program required LoMonaco to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 15-00015-JLS (RNBx)                                Date:  August 25, 2015
Title:  John LoMonaco v. Soberlink, Inc.

choose an alcohol testing device.  (Keays Decl. ¶ 2.)  LoMonaco alleges that he selected a Soberlink Testing Device "[a]fter reviewing Soberlink's marketing materials and website."  (First Amended Complaint, "FAC" ¶ 49, Doc. 47.)  LoMonaco asserts that he "relied on Soberlink's [] representations and omission[s] in choosing Soberlink's Testing Device over alternative, available alcohol testing technologies."  (Id.)  LoMonaco further alleges that during the course of the monitoring program, LoMonaco's Testing Device "repeatedly displayed error codes, failed to upload test results, and erroneously reported missed tests."  (Id. ¶ 50.)  According to LoMonaco, even after receiving a replacement device, the new Testing Device displayed these same problems and errors.  (Id. ¶¶ 50-51.)

On January 6, 2015, LoMonaco filed a putative class action Complaint against Soberlink, on behalf of himself and a proposed nationwide class of "[a]ll persons who purchased or rented a Soberlink portable alcohol monitoring device."  (Compl. ¶ 54, Doc. 1.)  On May 21, 2015, the Court granted in part and denied in part Defendant's Motion to Dismiss.  (Order, Doc. 37.)  The Court dismissed with prejudice LoMonaco's claim for unjust enrichment, but otherwise denied Defendant's motion to dismiss LoMonaco's Complaint.  (Id. at 16-17.)

On July 16, 2015, LoMonaco filed his FAC, which includes the same factual allegations against Soberlink found in the Complaint, but no longer asserts a cause of action against Soberlink for unjust enrichment.  (*Compare* FAC *to* Compl.)  LoMonaco now asserts claims against Soberlink for (1) violations of the California Consumers Legal Remedies Act ("CLRA") under Cal. Civ. Code §§ 1750, et seq.; (2) violations of the California Unfair Competition Law ("UCL") under Cal. Bus. & Prof. Code §§ 17200, et seq.; (3) violations of California's False Advertising Law ("FAL") under Cal. Bus. & Prof. Code §§ 17500, et seq.; (4) violations of the consumer fraud and deceptive trade practices acts of the various states and the District of Columbia (Plaintiff's "Omnibus Claim"); and (5) fraud.  (FAC ¶¶ 61-126.)

On June 4, 2015, after the Court had granted in part and denied in part Soberlink's Motion to Dismiss, Soberlink filed a Counterclaim for Trade Libel and Defamation.  (Counterclaim, Doc. 39.)  Soberlink asserts that, beginning on or around September 2014, LoMonaco "intentionally published . . . false and defamatory statements about Soberlink

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. SACV 15-00015-JLS (RNBx) | Date: August 25, 2015 |
| Title: John LoMonaco v. Soberlink, Inc. | |

and its device." (Id. ¶ 6.) Soberlink specifically alleges that LoMonaco made the following assertions:

a. The FDA agreed with LoMonaco that the Soberlink device is defective;
b. The FDA is pursuing Soberlink because of its device or advertising statements[;]
c. Soberlink states or implies the device is FDA approved when in fact the device is not FDA approved[;]
d. The device reported false positives on LoMonaco's alcohol testing[;]
e. The device caused a warrant for LoMonaco's arrest[;]
f. The device caused LoMonaco to go to jail[;]
g. The device caused LoMonaco to suffer medical conditions[;]
h. The device caused LoMonaco to incur legal fees[;]
i. The device failed to recognize LoMonaco's face[;]
j. The device issued errors in the reports[;]
k. The device caused legal issues for LoMonaco[;]
l. Soberlink's device caused LoMonaco to suffer anxiety, stress, even Bell's Palsy disease[;]
m. Soberlink failed to warranty its devices[; and]
n. LoMonaco contacted Soberlink to fix the device but Soberlink failed to diagnose the issues.

(Id.) Soberlink claims that LoMonaco published these assertions on numerous Internet websites, Twitter, and YouTube, and sent e-mails to third parties containing these statements. (Id. ¶ 8.) Soberlink further claims that LoMonaco's assertions "are all intentional false statements of fact, are all untrue, and are all intentional statements that disparage Soberlink and its devices and the character and quality of the products-services offered by Soberlink." (Id. ¶ 7.) According to Soberlink, these alleged false statements of fact "injured and damaged Soberlink's reputation and the character of its devices." (Id. ¶ 17.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. SACV 15-00015-JLS (RNBx) | Date: August 25, 2015 |
| Title: John LoMonaco v. Soberlink, Inc. | |

On June 25, 2015, LoMonaco filed an anti-SLAPP Motion pursuant to California's anti-SLAPP Statute. (Mot.) LoMonaco claims that "Soberlink filed the Cross-Complaint as a retaliatory response to LoMonaco's Complaint, and to suppress LoMonaco's First Amendment rights to free speech and to petition the government." (Id. at 1-2.)

## II. Evidentiary Objections

The parties make numerous evidentiary objections to the various declarations and supporting exhibits attached to the Opposition and Reply. Notably, LoMonaco objects to Exhibit F to the Declaration of Peter Afrasiabi, claiming that it is inadmissible character evidence and does not constitute evidence of habit. (Objections at 22-23, Doc. 55; *see* Afrasiabi Decl., Ex. F, Doc. 54-6.) Further, LoMonaco objects that the probative value of Exhibit H to the Declaration of Peter Afrasiabi is substantially outweighed by its tendency to confuse the issues. (Objections at 25; *see* Afrasiabi Decl., Ex. H, Doc. 54-8.) Finally, LoMonaco objects to Exhibit C to the Declaration of Brad Keays on the basis that it is legally and logically irrelevant and its probative value is substantially outweighed by its prejudicial effect and tendency to confuse the issues. (Objections at 40-42; Keays Decl., Ex. C, Doc. 53-6.)

In regards to LoMonaco's objections to Exhibit F to the Declaration of Peter Afrasiabi, the Court relies on this exhibit only to the extent that it constitutes findings of a Florida state court in regards to LoMonaco's probation. Thus, the Court overrules LoMonaco's objection to this exhibit because the Court is not relying on this exhibit as character evidence.

As to LoMonaco's objections to Exhibit H to the Declaration of Peter Afrasiabi and Exhibit C to the Declaration of Brad Keays, to the extent the Court relies on these exhibits, the Court overrules the objections. Exhibit C comprises Soberlink's detailed business records documenting LoMonaco's numerous missed and failed tests. Exhibit H is an example of the types of statements made by LoMonaco that are the subject of Soberlink's Counterclaim. Both of these exhibits are relevant to the parties' arguments and their probative values are not substantially outweighed by a danger of unfair

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV 15-00015-JLS (RNBx)          Date: August 25, 2015
Title: John LoMonaco v. Soberlink, Inc.

prejudice or confusing the issues. *See* Fed. R. Evid. 403; Fed. R. Evid. 401 ("Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.").

As to the remaining objections, the Court either does not rely on the evidence to which the parties object or it overrules the objection.

### III. Legal Standard

Because this is a diversity action, the Court applies California substantive law. *See Torre v. Brickey*, 278 F.3d 917, 919 (9th Cir. 2002). California's anti-SLAPP Statute allows for pre-trial dismissal of "SLAPPs" ("Strategic Lawsuits against Public Participation"). Cal. Civ. Proc. Code § 425.16. The statute aims to identify, early in the litigation process, "meritless first amendment cases aimed at chilling expression through costly, time-consuming litigation." *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 839 (9th Cir. 2001).

To succeed under an anti-SLAPP motion, a counter-defendant must "make a prima facie showing that the [counter-claimant's claim] arises from an act by the [counter-defendant] made in connection with a public issue in furtherance of the [counter-defendant]'s right to free speech under the United States or California Constitution." *Batzel v. Smith*, 333 F.3d 1018, 1024 (9th Cir. 2003). Section 425.16 provides:

> As used in this section, act in furtherance of a person's right of petition or free speech under the United States or California Constitution in connection with a public issue includes: (1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law; (2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law; (3) any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest; or (4) any other conduct in furtherance of the exercise of the

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV 15-00015-JLS (RNBx)            Date: August 25, 2015

Title: John LoMonaco v. Soberlink, Inc.

_____

> constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest.

Cal. Civ. Proc. Code § 425.16(e) (internal quotation marks omitted).

       While California's anti-SLAPP Statute must be read broadly, the California Supreme Court has recognized that the "'arising from' requirement is not always easily met.'" *Equilon Enters. v. Consumer Cause, Inc.*, 29 Cal. 4th 53, 66 (2002). "[T]he mere fact [that a claim] was filed after protected activity took place does not mean it arose from that activity." *Id.*; *see also City of Cotati v. Cashman*, 29 Cal. 4th 69, 76-77 (2002). Instead, courts must "assess the principal [sic] thrust [of a counter-claimant's claim] by identifying the allegedly wrongful and injury-producing conduct . . . that provides the foundation for the claim." *Hylton v. Frank E. Rogozienski, Inc.*, 177 Cal. App. 4th 1264, 1272 (2009) (internal quotation marks omitted).

       Once a counter-defendant makes the required prima facie showing, "[t]he burden then shifts to the [counter-claimant] to establish a reasonable probability that the [counter-clamant] will prevail on his or her [] claim." *Batzel*, 333 F.3d at 1024. In other words, the counter-claimant "must demonstrate that 'the [claim] is legally sufficient and supported by a prima facie showing of facts to sustain a favorable judgment if the evidence submitted by [counter-claimant] is credited." *Metabolife*, 264 F.3d at 840 (quoting *Wilcox v. Superior Court*, 27 Cal. App. 4th 809, 823 (1994)) (internal quotation marks omitted); *see also DC Comics v. Pac. Pictures Corp.*, 706 F.3d 1009, 1013 (9th Cir. 2013). Courts consider the pleadings and supporting and opposing affidavits, but do not make credibility determinations or compare the weight of the evidence. *Flatley v. Mauro*, 39 Cal. 4th 299, 326 (2006). Instead, courts accept as true the admissible evidence favorable to the counter-claimant. *Id.*; *Piping Rock Partners, Inc. v. David Lerner Assocs., Inc.*, 946 F. Supp. 2d 957, 967 (N.D. Cal. 2013) *aff'd*, No. 13-16110, 2015 WL 4187861 (9th Cir. July 13, 2015) ("Evidence must be admissible and is not weighed by the Court, but presumed true if in favor of the [counter-claimant]."). "Only a cause of action that satisfies both prongs of the anti-SLAPP statute—i.e., that arises from protected speech or petitioning and lacks even minimal merit—is a SLAPP, subject to

_____

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. SACV 15-00015-JLS (RNBx) | Date: August 25, 2015 |
| Title: John LoMonaco v. Soberlink, Inc. | |

being stricken under the statute." *Navellier v. Sletten*, 29 Cal. 4th 82, 89 (2002) (emphasis omitted).

## IV. Discussion

LoMonaco argues that Soberlink's Counterclaim "is legally and factually void and was filed in direct response to conduct protected by the anti-SLAPP statute: statements of public interest, made on public forums, and the filing of a class action lawsuit, which is an act of petitioning the government." (Mot. at 2.) LoMonaco requests that the Court strike Soberlink's Counterclaim, dismiss it with prejudice, and permit LoMonaco's counsel to file a motion for attorneys' fees and costs. (Id.)

### A. Protected Activity (Prima Facie Case)

As discussed above, to succeed on his anti-SLAPP Motion, LoMonaco first must "make a prima facie showing that [Soberlink's claims] arise[] from an act by [LoMonaco] made in connection with a public issue in furtherance of [LoMonaco]'s right to free speech under the United States or California Constitution." *Batzel*, 333 F.3d at 1024. LoMonaco claims that Soberlink's trade libel and defamation counter-claims arise from protected activity because LoMonaco's statements were made in connection with an issue under consideration or review by government and judicial bodies and were made in public forums in connection with an issue of public interest. (*See* Mot. at 7-9 (citing Cal. Civ. Proc. Code § 425.16(e)).) Specifically, LoMonaco argues that his "alleged statements were made in anticipation of, and concerning the issues presented in, this litigation, which entitles those statements to anti-SLAPP statute protection." (Mot. at 8-9.) LoMonaco further claims that his statements are protected because they were directed at individuals with interests in this litigation – specifically, potential class members. (Reply at 5-6.) LoMonaco also asserts that "the issues raised by LoMonaco were being considered by several executive departments such as the United States Food and Drug Administration ("FDA'), the United States Department of Transportation ("DOT"), and the United States Federal Aviation Administration ("FAA")." (Reply at 3; LoMonaco

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 15-00015-JLS (RNBx)                                    Date:  August 25, 2015
Title:  John LoMonaco v. Soberlink, Inc.

Decl. ¶¶ 3-6, Doc. 56-1.)  LoMonaco therefore claims that Soberlink's Counterclaim "is a thinly veiled attempt to impinge upon LoMonaco's right to petition the government." (Mot. at 11.)

Soberlink, on the other hand, contends that "LoMonaco's statements were not made as part of any court proceeding; the statements came before his lawsuit and were made generally to people that have nothing to do with the lawsuit."  (Opp'n at 1.) Soberlink admits that "statements made in anticipation of litigation are entitled to SLAPP protection," but claims that SLAPP protection applies only if the statements "are about the issues in the litigation to a person with an interest in the litigation."  (Id. at 9.) Soberlink therefore argues that "even if those statements were made 'in connection with' litigation," the anti-SLAPP Statute does not apply because "they were not directed to people having [an] interest in this litigation."  (Id. at 10 (emphasis omitted).)

"[S]tatements, writings and pleadings in connection with civil litigation are covered by the anti-SLAPP statute, and that statute does not require any showing that the litigated matter concerns a matter of public interest." *Bailey v. Brewer*, 197 Cal. App. 4th 781, 789 (2011) (internal quotation marks and citation omitted); *see also Consumer Justice Ctr. v. Trimedica Int'l, Inc.*, 107 Cal. App. 4th 595, 600 (2003) ("When the [counter-defendant]'s alleged acts fall under the first two prongs of section 425.16, subdivision (e) . . . , the defendant is not required to independently demonstrate that the matter is a 'public issue' within the statute's meaning.").  "Moreover, communications preparatory to or in anticipation of the bringing of an action or other official proceeding are . . . entitled to the benefits of section 425.16." *Bailey*, 197 Cal. App. 4th at 789 (internal quotation marks and citation omitted).  "[A]lthough litigation may not have commenced, if a statement concern[s] the subject of the dispute and is made in anticipation of litigation contemplated in good faith and under serious consideration, then the statement may be petitioning activity protected by section 425.16." *Neville*, 160 Cal. App. 4th at 1268 (internal quotation marks and citations omitted).

"[A] statement is 'in connection with' litigation under section 425.16, subdivision (e)(2) if it relates to the substantive issues in the litigation and is directed to persons having some interest in the litigation. *Id.* at 1266.  "'Good faith' in this context refers to a good faith intention to file a lawsuit rather than a good faith belief in the truth of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. SACV 15-00015-JLS (RNBx) | Date: August 25, 2015 |
| Title: John LoMonaco v. Soberlink, Inc. | |

communication." *Digerati Holdings, LLC v. Young Money Entm't, LLC*, 194 Cal. App. 4th 873, 887 (2011). "[T]here is no requirement in Section 425.16(e)(2) that communications are protected only if they are made to potential witnesses or unwitting participants in the lawsuit." *Hanover Ins. Co. v. Fremont Bank*, 68 F. Supp. 3d 1085, 1105 (N.D. Cal. 2014). Accordingly, "courts have adopted a fairly expansive view of what constitutes litigation-related activities within the scope of section 425.16." *Kolar v. Donahue, McIntosh & Hammerton*, 145 Cal. App. 4th 1532, 1537 (2006) (internal quotation marks and citation omitted).

     Here, the alleged statements made by LoMonaco that are at issue in Soberlink's Counterclaim are written statements "made in connection with an issue under consideration or review by a legislative, executive, or judicial body," and thus are entitled to the protections of California's anti-SLAPP statute. Cal. Civ. Proc. Code § 425.16(e)(2). As an initial matter, the fact that LoMonaco began making these allegedly libelous and defamatory statements in September 2014, only four months prior to initiating this litigation on January 6, 2015, provides support for LoMonaco's contention that these statements were made in anticipation of this litigation.

     Further, all of the alleged statements made by LoMonaco relate in some way to the substance of LoMonaco's allegations against Soberlink. For example, the Complaint and FAC allege that Soberlink made false claims of certification, that "the Testing Devices do not function as Soberlink describes, as they constantly display error messages and fail to transmit data to the internet," that "Testing Device users frequently and repeatedly receive error messages," that the "Testing Devices also frequently fail to transmit test results to the internet," and that "Soberlink failed, and continues to fail, to inform consumers, including Plaintiff and the Class, that its Testing Devices do not allow users to establish their sobriety at any time." (FAC ¶¶ 40-43.) In comparison, the alleged statements made by LoMonaco in Soberlink's Counterclaim all relate to the Testing Devices' purported certifications, errors, defects, and warranties; the exact same types of allegations made by LoMonaco against Soberlink in the Complaint and FAC. (*See, e.g.,* Afrasiabi Decl., Ex. H, Doc. 54-8 ("This Breathalyzer is NOT FDA approved, does NOT have 510k certification, and is NOT DOT approved . . . . This device has reported false

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV 15-00015-JLS (RNBx)　　　　　　　　　　　Date: August 25, 2015
Title: John LoMonaco v. Soberlink, Inc.

positives, erroneous information, failed to send test, failed to perform as manufacturer claimed etc.").)

In addition, the substance of the e-mails and Internet and social media postings made by LoMonaco show that LoMonaco's statements were directed at putative class members. (Compl. ¶ 54.) For example, in a comment LoMonaco posted on YouTube in response to the "SOBERLINK Video by Verizon Wireless," LoMonaco provides his e-mail address and states: "Please contact if you have experience[d] similar problems with this device." (Afrasiabi Decl., Ex. H.) This comment suggests that LoMonaco's statements are directed at putative class members, as well as that LoMonaco had a good faith intention to file a lawsuit at the time he made these statements. *See Neville*, 160 Cal. App. 4th at 1270 ("Although many anti-SLAPP cases involving prelitigation communications concern demand letters or other statements to adverse parties or potential adverse parties, there is no such requirement in the text of section 425.16, subdivision (e)(2).") (citing cases). Finally, not only do these statements seem to be in anticipation of this litigation, but LoMonaco asserted that he had already "filed a complaint with the FDA" when he made these statements. (Afrasiabi Decl., Ex. H.)

Thus, based on the evidence currently before the Court, these statements concerned the subject matter of LoMonaco's claims against Soberlink and were made in anticipation of litigation contemplated in good faith and under serious consideration. *Neville*, 160 Cal. App. 4th at 1268. Accordingly, the Court finds that LoMonaco has satisfied his burden of making a prima facie showing that Soberlink's Counterclaim arises from protected activity.[1]

---

[1] LoMonaco also contends that his "alleged statements were made in a public forum in connection with issues of public interest" because websites, online message board, and social networking platforms are public forums and because the quality or nature of goods and services and the functionality of the criminal justice system are matters of public concern. (Mot. at 9-10.) Soberlink, on the other hand, argues that LoMonaco's statements were "not statements on a matter of public interest [because] LoMonaco's purported belief that he was damaged by Soberlink was not and is not a public controversy; it was a private matter of LoMonaco's that nobody outside of his family and friends knew or cared about." (Opp'n at 1.) However, the Court need not address the parties' arguments regarding whether LoMonaco's statements were "made in a place open to the public or a public forum in connection with an issue of public interest" because the Court has found that LoMonaco has made a prima facie showing that

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. SACV 15-00015-JLS (RNBx) | Date: August 25, 2015 |
| Title: John LoMonaco v. Soberlink, Inc. | |

### B. Probability of Prevailing on the Merits

Because LoMonaco has satisfied his burden of making a prima facie showing that Soberlink's Counterclaim arises from protected activity, the burden now shifts to Soberlink "to establish a reasonable probability that [Soberlink] will prevail on [its] [counter-]claims." *Batzel*, 333 F.3d at 1024.

### 1. Trade Libel

LoMonaco contends that Soberlink has failed to meet its burden because a counterclaim for trade libel requires pleading and proof of special damages in the form of pecuniary loss, yet Soberlink's Counterclaim completely lacks substantive facts pertaining to Soberlink's specific pecuniary loss. (Mot. at 16-17.)

"Defamation and trade libel both require the intentional publication of a false and unprivileged statement of fact." *Mann v. Quality Old Time Serv., Inc.*, 120 Cal. App. 4th 90, 104 (2004). Trade libel, however, is an "injurious falsehood[]" that, "[u]nlike classic defamation, [is] not directed at the [counter-plaintiff]'s personal reputation but rather at the goods a [counter-plaintiff] sells or the character of [its] other business." *Aetna Cas. & Sur. Co. v. Centennial Ins. Co.*, 838 F.2d 346, 351 (9th Cir. 1988) (citing *Guess, Inc. v. Superior Court*, 176 Cal. App. 3d 473, 479 (1986)). "Trade libel is the intentional disparagement of the quality of property that results in pecuniary damage to the plaintiff." *Piping Rock*, 946 F. Supp. 2d at 981. Thus, "[t]o prevail on [a] trade libel claim, [a] counter-claimant] must present evidence showing it suffered some pecuniary loss." *Mann*, 120 Cal. App. 4th at 109; *see also Piping Rock*, 946 F. Supp. 2d at 981 ("A cause of action for trade libel requires pleading and showing special damages."). A counter-claimant "must also prove that the statement played a material and substantial part in inducing others not to deal with" the counter-claimant. *Piping Rock*, 946 F. Supp. 2d at

___

Soberlink's Counterclaim arises from protected activity "made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law." Cal. Civ. Proc. Code § 425.16(e).

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 15-00015-JLS (RNBx)                                      Date:  August 25, 2015
Title:  John LoMonaco v. Soberlink, Inc.

981 (internal quotation marks and citation omitted).  A counter-claimant "may not rely on a general decline in business arising from the falsehood, and must instead identify particular customers and transactions of which it was deprived as a result of the libel." *Mann*, 120 Cal. App. 4th at 109.

At best, Soberlink's counter-claim for trade libel contains a vague assertion that "Soberlink has been injured and damaged by the false assertions of fact."  (Counterclaim ¶ 11.)  Soberlink, however, has "presented no evidence showing it suffered any pecuniary loss as a result of [LoMonaco's] actions and it may not rely on the unsupported allegations in its [Counterclaim]."  *Mann*, 120 Cal. App. 4th at 109.  Thus, because Soberlink has failed to present any evidence showing that it suffered some pecuniary loss, Soberlink has made no showing of a probability that it would prevail on its trade libel counter-claim.  As a result, Soberlink has failed to submit sufficient evidence to survive an anti-SLAPP motion.

Accordingly, the Court GRANTS LoMonaco's anti-SLAPP Motion and STRIKES Soberlink's trade libel counter-claim.

**2.  Defamation**

Defamation, on the other hand, is distinct from trade libel in that an "action for defamation is designed to protect the reputation of the [counter-claimant], and the judgment vindicates that reputation, whereas the action for [trade libel] is based on pecuniary damage and lies only where such damage has been suffered." *Leonardini v. Shell Oil Co.*, 216 Cal. App. 3d 547, 573 (1989) (*quoting* 5 Witkin, Summ. of Cal. Law (9th ed. 1988), Torts, at 661-62) (emphasis omitted).  The tort of defamation "involves the intentional publication of a statement of fact that is false, unprivileged, and has a natural tendency to injure or which causes special damage." *Smith v. Maldonado*, 72 Cal. App. 4th 637, 645 (1999).  Under California law, "[d]efamation is effected by either . . . (a) Libel [or] (b) Slander."  Cal. Civ. Code § 44.  "Libel is a false and unprivileged publication by writing . . . , which exposes any person to hatred, contempt, ridicule, or obloquy, or which causes him to be shunned or avoided, or which has a tendency to injure him in his occupation."  Cal. Civ. Code § 45.  "California law further defines libel

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. SACV 15-00015-JLS (RNBx) | Date: August 25, 2015 |
| Title: John LoMonaco v. Soberlink, Inc. | |

*per se*, also called libel on its face, as '[a] libel which is defamatory of the plaintiff without the necessity of explanatory matter, such as an inducement, innuendo or other extrinsic fact.'" *Piping Rock*, 946 F. Supp. 2d at 970 (citing Cal. Civ. Code § 45a). Thus, a counter-claimant "may only prevail on a libel claim if the publication is (1) libelous on its face, *or* (2) if special damages have been proven." *Downing v. Abercrombie & Fitch*, 265 F.3d 994, 1010 (9th Cir. 2001) (emphasis added). "The determination as to whether a publication is libelous on its face is one of law, and must be measured by the effect the publication would have on the mind of the average reader." *Id.* (internal quotation marks and citation omitted). "It is error for a court to rule that a publication cannot be defamatory on its face when by any reasonable interpretation the language is susceptible of a defamatory meaning." *Selleck v. Globe Int'l, Inc.*, 166 Cal. App. 3d 1123, 1131 (1985).

     LoMonaco asserts that Soberlink's counter-claim for defamation is "both legally and factually void" for a variety of reasons.[2] (Mot. at 11.) First, LoMonaco claims that Soberlink's defamation counter-claim "fails to plead adequate facts to properly identify the statements allegedly made by LoMonaco." (Id. at 11-12.) LoMonaco argues that Soberlink's defamation counter-claim "does not identify when, where, or to whom any of [LoMonaco's] statements were made." (Mot. at 4.)

     Although a counter-claimant need not plead the exact words of a defamatory statement, it must allege the "substance of the defamatory statement." *Okun v. Superior Court*, 29 Cal. 3d. 442, 458 (1981) (quotations marks and citation omitted); *Chaconas v. JP Morgan Chase Bank*, 713 F. Supp. 2d 1180, 1190 (S.D. Cal. 2010) ("'[G]eneral allegations of the defamatory statements' which do not identify the substance of what was said are insufficient."); *Jacobson v. Schwarzenegger*, 357 F. Supp. 2d 1198, 1216 (C.D. Cal. 2004) ("Under California law, although a plaintiff need not plead the allegedly defamatory statement verbatim, the allegedly defamatory statement must be specifically identified, and the plaintiff must plead the substance of the statement."). Here, despite LoMonaco's contentions to the contrary, Soberlink has alleged adequately the statements

---

[2] LoMonaco does not dispute that he intentionally published the alleged statements on various websites, in posts on social media platforms, and in e-mails to third parties. (*See generally* Mot.; Reply.)

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. SACV 15-00015-JLS (RNBx) | Date: August 25, 2015 |
| Title: John LoMonaco v. Soberlink, Inc. | |

made by LoMonaco. Soberlink alleges that LoMonaco began intentionally publishing the alleged statements "beginning on or around September 2014." (Counterclaim ¶ 6.) Soberlink also alleges that these statements were posted on the Internet and social media platforms and sent in direct e-mails. (Id.) Soberlink further alleges that these postings and e-mails were directed "to third parties," "so as to induce other consumers of such devices or third parties engaged in commerce around such devices not to purchase or use Soberlink products or services." (Id. ¶¶ 6, 9.) Soberlink finally alleges the substance of the allegedly defamatory statements in 14 specific sub-paragraphs. (Id. ¶ 6(a)-(n).) The evidence submitted by Soberlink supports these allegations. (*See generally* Afrasiabi Decl., Doc. 54.) Thus, LoMonaco's first argument is without merit because Soberlink has adequately identified the substance of the allegedly defamatory statements.

Second, LoMonaco contends that Soberlink's defamation counter-claim fails to allege "why these statements are false." (Mot. at 4.) Soberlink, however, argues that LoMonaco's statements are false because the evidence shows LoMonaco did not fail certain breathalyzer tests because Soberlink's Testing Device was defective, but because LoMonaco was drinking. (Opp'n at 7.) Soberlink asserts that LoMonaco intentionally covered the Testing Device camera, even though he was trained on how to use it, in order to hide the fact that he was drinking. (Id. at 7, 21.)

In support of its contention that LoMonaco's statements were false, Soberlink submits the Second Addendum to Violation Report for LoMonaco from the State of Florida's Department of Corrections, which refutes LoMonaco's claim that he was never instructed on how to operate Soberlink's Testing Device. (*See generally* Afrasiabi Decl., Ex. F.) Soberlink also has submitted a declaration from Brad Keays, the CEO and founder of Soberlink. (Keays Decl., Doc. 53-3.) The Consolidated Report attached to Keays' Declaration shows that on 19 occasions between February 25, 2014, and April 13, 2014, LoMonaco's identity could not be identified when he was taking a test because the photograph taken at the time of the test did not match the master photograph that is taken at the time users begin using the Testing Device. (Keays Decl., Ex. C.) In addition, the Consolidated Report shows that, between February 28, 2014, and May 1, 2014, LoMonaco completely missed or submitted a late test on 71 occasions. (Id.) In addition, between May 2, 2014, and May 14, 2014, 16 of the tests taken by LoMonaco reported

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV 15-00015-JLS (RNBx)            Date: August 25, 2015

Title: John LoMonaco v. Soberlink, Inc.

that his BAC was higher than .02. (Id.) LoMonaco then missed nine retests, which are required when a user fails an originally scheduled test. (Id.) Many of these missed and failed tests seem to have occurred on weekends. (Id.; Afrasiabi Decl., Ex. F.) While LoMonaco may claim that all of these declined, missed, and positive tests were a result of alleged defects in the Testing Device, the Client Notes Report submitted with Keays' Declaration suggests that LoMonaco did not begin reporting defects with the Testing Device until April 26, 2014. (Keays Decl., Ex. B, Doc. 53-5.)

       Though LoMonaco has submitted evidence showing that the Testing Device has at least once displayed an error message, courts do not weigh the evidence on anti-SLAPP motions. *See Flatley*, 39 Cal. 4th at 326. Soberlink's "burden to establish a probability of prevailing on its claim [is] compatible with the early stage at which [LoMonaco's anti-SLAPP Motion] is brought, and the parties' limited opportunity to conduct discovery." *Consumer Justice Ctr.*, 107 Cal. App. 4th at 605; *Flatley*, 39 Cal. 4th at 326. "A [counter-claimant] is not required to prove the specified claim to the trial court; rather, so as to not deprive the [counter-claimant] of a jury trial, the appropriate inquiry is whether the plaintiff has stated and substantiated a legally sufficient claim." *Mann*, 120 Cal. App. 4th at 105 (internal quotation marks and citation omitted). Further, when a counter-claimant "shows a probability of prevailing on any part of its claim, the [counter-claimant] has established that its cause of action has some merit and the entire cause of action stands. Thus, a court need not engage in the time-consuming task of determining whether the plaintiff can substantiate all theories presented within a single cause of action and need not parse the cause of action so as to leave only those portions it has determined have merit." *Id.* at 106 (emphasis omitted).

       Applying this specific standard to Soberlink's defamation counter-claim, the Court finds that the evidence submitted by Soberlink, if unrefuted, is sufficient to establish a reasonable probability that LoMonaco failed or missed tests because LoMonaco had in fact been drinking. As a result, Soberlink has satisfied its burden of establishing a reasonable probability that LoMonaco's statements, such as the Testing "[D]evice has reported false positives, erroneous information, failed to send test, failed to perform as manufacturer claimed, etc.," were false. Thus, LoMonaco's second argument fails as well.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. SACV 15-00015-JLS (RNBx) | Date: August 25, 2015 |
| Title: John LoMonaco v. Soberlink, Inc. | |

Third, LoMonaco argues that Soberlink has failed to "establish that LoMonaco acted with actual malice." (Mot. at 11.) LoMonaco claims that Soberlink is a public figure because of "the use of its Testing Devices in criminal justice proceedings," Soberlink's defense of these Testing Devices in the face of legal challenges in court, and Soberlink's trumpeting of the Testing Devices' "functionality and reliability." (Mot. at 14-15; Reply at 7-8 (citing *Cox v. State*, 2014 WL 4801083 (Tex. App. 2014).) Thus, LoMonaco claims that Soberlink must show that LoMonaco acted with actual malice to prevail on its defamation counter-claim, but contends that "Soberlink merely assumes – without offering any other evidence – that LoMonaco acted with malice when making the alleged statements."[3] (Mot. at 14-16, 18-19.)

The actual malice standard requires that a statement be made "with knowledge that it was false or with reckless disregard of whether it was false or not." *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 328 (1974) (internal quotation marks and citation omitted). To demonstrate reckless disregard of the truth, Soberlink must show by clear and convincing evidence that LoMonaco "entertained serious doubts as to the truth" of his statements. *Makaeff v. Trump Univ., LLC*, 715 F.3d 254, 270 (9th Cir. 2013) (quoting *Gertz*, 418 U.S. at 334 n.6.)

Even if the Court were to accept LoMonaco's argument that the actual malice standard must be applied to Soberlink's defamation counter-claim, the Court finds that Soberlink has satisfied its burden of establishing a reasonable probability that LoMonaco's statements were made with actual malice. In addition to the evidence discussed above, Soberlink also submitted an Order of Revocation of Probation from the Circuit Court of Charlotte County, Florida. (Afrasiabi Decl., Ex. G.) The Order of Revocation of Probation states that, "[o]n July 24, 2014, [LoMonaco] appeared before [the court] and admitted to the violation of probation. He was adjudicated guilty, the [c]ourt f[ound] the violation(s) to be willful and substantial, his probation was revoked

---

[3] LoMonaco also contends that "trade libel causes of action are always subject to the actual malice standard," but Soberlink has failed to show that LoMonaco acted with actual malice. (Reply at 8 (citing *Melaleuca, Inc. v. Clark*, 66 Cal. App. 4th 1344, 1360-62 (1998).) However, because the Court has already granted LoMonaco's anti-SLAPP Motion in regards to Soberlink's trade libel counter-claim for an alternative reason, the Court need not address LoMonaco's actual malice argument in regards to Soberlink's trade libel counter-claim.

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 15-00015-JLS (RNBx)                                   Date:  August 25, 2015
Title:  John LoMonaco v. Soberlink, Inc.

and he was sentenced to three (3) years['] Probation."  (Id. (emphasis omitted).) According to Soberlink, LoMonaco's admissions under oath that he violated his probation and missed numerous tests "render[] his public statements to the contrary certainly malicious as no person could swear to their own misconduct and then say the opposite."[4]  (Opp'n at 20.)  The Court concludes that the Florida judge's finding that LoMonaco's violations were willful, LoMonaco's admission under oath that he violated his probation, and Soberlink's reports showing nearly a hundred missed and failed tests by LoMonaco together establish a reasonable probability that LoMonaco's alleged statements claiming defects in the Testing Device were made with actual malice.  At the very least, based on the evidence submitted by Soberlink, LoMonaco's statements seem to have been made with a reckless disregard for the truth.  Thus, LoMonaco's third argument also fails.

Fourth, LoMonaco claims that his "statements were sufficiently opinionated to shield him from liability."  (Reply at 9-13.)  "Generally, statements of opinion are not actionable as defamation, whereas statements of fact are actionable."  *Piping Rock*, 946 F. Supp. 2d at 970.  However, "[t]he critical question is not whether a statement is fact or opinion, but whether a reasonable fact finder could conclude the published statement declares or implies a provably false assertion of fact."  *Wong v. Tai Jing*, 189 Cal. App. 4th 1354, 1370 (2010) (internal quotation marks and citation omitted).  Although statements of opinion are not *per se* actionable, an opinion loses its constitutional protection and becomes actionable when it is 'based on implied, undisclosed facts' and 'the speaker has no factual basis for the opinion.'"  *Piping Rock*, 946 F. Supp. 2d at 972 (citing *Ruiz v. Harbor View Cmty. Assoc.*, 134 Cal. App. 4th 1456, 1471 (2005).

___

[4] Soberlink separately addresses each of LoMonaco's allegedly false statements in its Opposition.  (*See* Opp'n at 14-18.)  LoMonaco replies by discussing how each statement is in fact true and not made with actual malice.  (*See* Reply at 13-18.)  The Court need not discuss each separate statement purportedly made by LoMonaco because the Court finds that Soberlink has submitted evidence that establishes a reasonable probability that it will prevail on its defamation counter-claim in regards to at least one alleged statement made by LoMonaco.  *See Mann*, 120 Cal. App. at 106 ("[A] court need not engage in the time-consuming task of determining whether the plaintiff can substantiate all theories presented within a single cause of action and need not parse the cause of action so as to leave only those portions it has determined have merit.")

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV 15-00015-JLS (RNBx)            Date: August 25, 2015
Title: John LoMonaco v. Soberlink, Inc.

       At the very least, Soberlink has presented evidence that the statements at issue are "reasonably susceptible of a defamatory meaning." *Piper Rock*, 946 F. Supp. 2d at 972 (internal quotation marks and citation omitted). The Court has already found that Soberlink has satisfied its burden of establishing a reasonable probability that LoMonaco's statements were false and made with actual malice. The Court also finds that a reasonable finder of fact could conclude that LoMonaco's statements, such as "[t]his device has reported false positives, erroneous information, failed to send test, failed to perform as manufacturer claimed etc.," declare or imply a provably false assertion of fact. (Afrasiabi Decl., Ex. F.) A reasonable person who read LoMonaco's statements on the Internet or in an e-mail also could consider these statements to be statements of fact, rather than opinions, because they at least imply that Soberlink's Testing Device was defective and directly led to LoMonaco's probation violations. Therefore, LoMonaco's fourth argument also is without merit.

       Fifth, LoMonaco contends that Soberlink must allege special damages for its defamation counter-claim as it must do for its trade libel counter-claim. This is not the case. The tort of defamation "involves the intentional publication of a statement of fact that is false, unprivileged, and has a natural tendency to injure *or* which causes special damage." *Smith*, 72 Cal. App. 4th at 645 (emphasis added). Thus, Soberlink need only show that LoMonaco's statements had a natural tendency to injure Soberlink. Based on the record before the Court, and accepting as true the evidence submitted by Soberlink, the alleged statements made by LoMonaco tend to injure Soberlink in its business reputation. LoMonaco's statements assert that Soberlink's claims of certification are false and, at the very least, imply that Soberlink's Testing Devices are defective. If believed by other consumers, these statements would likely lead to a loss in business for Soberlink and damage to its reputation. Thus, because Soberlink has satisfied its burden of showing that LoMonaco's statements have a natural tendency to injure, LoMonaco's fifth argument fails as well.

       Accordingly, after accepting as true the evidence submitted by Soberlink and applying the proper standard to LoMonaco's anti-SLAPP Motion, the Court finds that Soberlink has established a probability of prevailing on its defamation counter-claim. The Court therefore DENIES LoMonaco's anti-SLAPP Motion to the extent it seeks to

___

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. SACV 15-00015-JLS (RNBx) | Date: August 25, 2015 |
| Title: John LoMonaco v. Soberlink, Inc. | |

strike Soberlink's defamation claim because Soberlink has submitted sufficient evidence to show that this counter-claim has at least "minimal merit." *See Navellier*, 29 Cal. 4th at 89.

### V. Conclusion

For the foregoing reasons, the Court GRANTS in part and DENIES in part LoMonaco's Motion. To the extent LoMonaco's anti-SLAPP Motion seeks to strike Soberlink's trade libel counter-claim, the Court GRANTS LoMonaco's anti-SLAPP Motion and STRIKES Soberlink's trade libel counter-claim.[5] However, LoMonaco's anti-SLAPP Motion is DENIED to the extent LoMonaco seeks to strike Soberlink's defamation counter-claim.

Initials of Preparer: tg

---

[5] Soberlink argues that, "if the Court does not outright deny the [M]otion . . . it should . . . allow Soberlink to conduct all its discovery consistent with the demands of Rule 56." (Opp'n at 25.) The Court denies Soberlink's request, however, because Soberlink has failed to produce *any* evidence regarding special or pecuniary damages, which is required to prevail on a trade libel counter-claim. Nevertheless, because the Court has not granted LoMonaco's anti-SLAPP Motion in its entirety, the Court finds that a reward of attorneys' fees and costs would be unwarranted under the circumstances.